IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. KENNETH GEIB and MARY F. GEIB, *
341 Copley Drive * Civil No. JFM-13-2018
Lancaster, Pennsylvania 17601, *
FOR EXONERATION OR LIMITATION *
OF LIABILTY *

**MEMORANDUM**

J. Kenneth Geib and Mary F. Geib have filed a complaint to limit their liability to the value of their vessel in connection with a maritime accident that occurred on June 20, 2010. Bernadette M. Jeandell, Ralph P. Short, Jr., and Cassandra L. Foster ("the Claimants"), who allegedly were injured in the accident, have filed a motion to dismiss the complaint. The motion will be granted.

A complaint for limitation of liability "must be brought within 6 months after a claimant gives the owner written notice of a claim." 42 U.S.C. §30511(a).[1] On December 8, 2010 – long before six month before this action was instituted – the Claimants sent a written notice of their claim to the Geibs' insurance company, FAM&M Insurance.

In order to constitute a "written notice" under Section 30511(a), the letter must be found to satisfy what are known as the *Richardson* factors and to inform the vessel owner that a potential claim may exceed the value of the vessel. *See In re Complaint of Salty Sons Sports Fishing, Inc.*, 191 F.Supp. 2d 631, 634 (D. Md. 2002). The December 8, 2010 letter

---

[1] This action was not instituted until after the Claimants had filed a complaint in the Circuit Court for Cecil County, Maryland asserting claims of negligence and seeking damages of more than $75,000 against the Geibs and the operator of the boat in which the Claimants were riding at the time of the accident.

1

undisputably met the *Richardson* factors because it informed the Geibs of the Claimants' demand of a right or supposed right, blamed the Geibs for any damage or loss, and called upon the Geibs for something due to the Claimant. Likewise, it met the "reasonable possibility" standard. Although it did not include a specific monetary claim, it asserted that two of the Claimants had suffered "serious and permanent injuries." Since the complaint alleges that the Geibs' motor boat was worth no more than $5,000, this assessment was sufficient to satisfy the "reasonable possibility" standard. *See The Maine*, 28 F. Supp. 578 (1939); *Doxsee Sea Claim Co. v. Brown*, 13 F.3d 550, 554 (2d Circuit 1994).

The next question is whether notice to the Geibs' insurer constituted notice to the Geibs under §3051(a). It did. The law in the Fourth Circuit is clear that the statutory requirement is met if notice is given to an agent of the owners of the vessel. *See In re Complaint of Big Deal, Inc.*, 765 F. Supp. 277 (D. Md. 1991), *aff'd*, 958 F. 2d 367 (4th Cir. 1992). The Geibs' insurer both had the actual authority and the apparent authority to be the Geibs' agent. The Geibs hired their insurer to insure the vessel that was involved in the accident and they identified the insurer to the officer who investigated the accident. Later, an adjuster for the insurer in a letter to counsel for Claimants described the Geibs as "our insureds" and copied the Geibs on his letter. This constitutes sufficient evidence that the insurer had actual authority as the Geibs' agent. The same facts give rise to the inescapable inference that the insurer had the apparent authority to act as the Geibs' agent, particularly in light of the fact that allegedly injured claimants ordinarily deal with the insurance company for the person who allegedly caused them injury in an accident rather than with that person himself.

A separate order of dismissal is being entered herewith.

Date: October 31, 2013                    ____/s/_____
                                          J. Frederick Motz
                                          United States District Judge